**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID HAVLICEK, | Case No.: 2:24-cv-001916-APG-EJY |
| Plaintiff | **Order Denying Motion for Entry of Default** |
| v. | [ECF Nos. 12, 13] |
| DINA TITUS, | |
| Defendant | |

David Havlicek moves for entry of default against Congresswoman Dina Titus. ECF Nos. 12,[1] 13. However, it does not appear that Havlicek properly served Congresswoman Titus with the summons and complaint. Federal Rule of Civil Procedure 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Nevada Rule of Civil Procedure 4.2(a) similarly allows for service on an individual:

> (1) by delivering a copy of the summons and complaint to the individual personally;

---

[1] ECF No. 12 is incorrectly labeled in the court docket as a motion for default judgment. The motion seeks entry of default only.

       (2)  by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served; or

       (3)  by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Havlicek's process server delivered the summons to "Kate, Person Authorized to Accept on behalf of DINA TITUS . . . at 495 South Main Street 3rd Floor, Las Vegas, NV 89101 . . . ." ECF No. 9 at 2.  That is the address of Congresswoman Titus' Las Vegas office.  Thus, service was improper unless "Kate" was "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); Nev. R. Civ. P. 4.2(a)(3).  Havlicek has offered no proof of that, and I cannot infer it.  Therefore, it appears service was improper so I deny the motion for default.  If Havlicek can demonstrate that "Kate" was authorized to receive service on behalf of Congresswoman Titus under the applicable rules, he may again move for entry of default.

I THEREFORE ORDER that Havlicek's motions for entry of default **(ECF Nos. 12, 13) are denied** without prejudice.

DATED this 7th day of April, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2