**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID HAVLICEK, | Case No.: 2:24-cv-001916-APG-EJY |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 19] |
| DINA TITUS, | |
| Defendant | |

David Havlicek is suing Congresswoman Dina Titus for declaratory and injunctive relief for allegedly blocking him from accessing her two X social media accounts. ECF No. 1. Congresswoman Titus moves to dismiss this case for failure to timely serve her with process and because Havlicek's claims are now moot. ECF No. 19.  I agree with her so I grant her motion.

Because Havlicek's claims relate to Congresswoman Titus' official X account, I assume he is suing her in her official capacity as a member of Congress.  He does not deny that in his response to the motion.  As such, Havlicek was required to serve both Congresswoman Titus by sending her a copy of the summons and complaint by registered or certified mail and the United States separately. Fed. R. Civ. P. 4(i)(2).[1]  To serve the United States, Havlicek was required to deliver or send copies of the summons and complaint by registered or certified mail to both the United States Attorney for the District of Nevada and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).  And all of this had to be done within 90 days after the complaint was filed on October 15, 2024. Fed. R. Civ. P. 4(m).  Havlicek has done none of this.

---

[1] Even if Havlicek is suing Congresswoman Titus in her individual capacity, he is still required to serve the United States. Fed. R. Civ. P. 4(i)(3).

Havlicek originally tried to serve Congresswoman Titus by leaving papers with "Kate" at the congresswoman's Las Vegas office. ECF No. 9 at 2.  I explained in a prior order that this was not effective service unless Havlicek could demonstrate that Kate was authorized to accept service. ECF No. 14 at 2.  Havlicek did not offer any such proof.  Instead, on June 14, 2025, his process server left copies of the summons and complaint with an unknown man at Congresswoman Titus' house. ECF Nos. 15 at 2; 21 at 5-6.  Even if that man resided there (of which there is no proof), that does not satisfy the service requirements under Rule 4(i) described above.  Nor has Havlicek shown good cause for his failure to properly and timely serve Congresswoman Titus.  Therefore, I must dismiss the case without prejudice under Rule 4(m).

Moreover, Havlicek's claims are now moot.  One of Congresswoman Titus' X accounts unblocked Havlicek's X account on November 1, 2024, two weeks after he filed this lawsuit. ECF No. 19-2 at 2.  Her other X account was not blocking Havlicek's X account as of July 2025. *Id.*  In the meantime, Havlicek's own X account has been suspended. ECF No. 19-2 at 4.  Thus, if he is still being blocked, it is by X and not by Congresswoman Titus.  Havlicek does not deny this in his response. *Cf.* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").  As such, his complaint for declaratory and injunctive relief is now moot and must be dismissed. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) ("If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." (simplified)).  Dismissal with prejudice is appropriate because Havlicek's claims are moot.

/ / / /

/ / / /

I THEREFORE ORDER that Congresswoman Titus' motion to dismiss **(ECF No. 19) is granted**.  The plaintiff's complaint is dismissed with prejudice.  The clerk of the court is directed to enter judgment accordingly and close this case.

DATED this 18th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3